IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| DIEP VU HO, | ) | |
|---|---|---|
| Petitioner | ) | |
| vs. | ) | CRIMINAL NO. 09-141-CG-M |
| | ) | CIVIL NO. 12-535-CG-M |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on the report and recommendation of the magistrate judge (Doc. 91). For the reasons enumerated below, the Court reaches the same conclusion as the magistrate judge but differs as to the reasoning. Accordingly, the Court finds that the petitioner's motion is due to be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Diep Vu Ho ("Ho"), was indicted on June 25, 2009, on charges of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine ice, in violation of 21 U.S.C. §841(a)(1) and §846, and 18 U.S.C. § 2 (Count One); possession with intent to distribute approximately 5 ounces of methamphetamine ice, in violation of 21 U.S.C. §841(b)(1)(A) (Count Two); possession with intent to distribute approximately 1 pound of methamphetamine ice, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 (Count Three); possession with intent to distribute approximately 1,000 tablets of a mixture containing a detectable amount of 3, 4, -methyenedioxymethamphetamine, in violation of 21

U.S.C. §841(a)(1) and 18 U.S.C. § 2 (Count Four); plus a forfeiture count (Count Five). Doc. 1.

At trial, Ho was found guilty on Counts One through Four, while the Court dismissed the forfeiture count at the government's suggestion. Doc. 71 at 336. The Court sentenced Ho to one term of life imprisonment for each of the first three counts and a term of 360 months as to Count Four, all to be served concurrently. Doc. 61. Additionally, the Court sentenced Ho to a term of 10 years of supervised release for each of the first three counts, and six years as to Count Four, all to be served concurrently. Id. Ho then filed an appeal before the Eleventh Circuit Court of Appeals, which affirmed his conviction. Doc. 79.

Ho subsequently filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 on August 17, 2012. Doc. 83. In it, Ho raised three claims: (1) that the Court constructively amended the indictment, as discussed in more detail, infra.; (2) that his second trial attorney rendered ineffective assistance of counsel for failing to object to the Court's alleged constructive amendment and his appellate attorney rendered ineffective assistance of counsel for failing to raise the issue on appeal; and (3) that his first trial attorney rendered ineffective assistance of counsel for mistakenly informing him that he faced only 240 months' imprisonment whether he went to trial or pleaded guilty, when in fact he faced a mandatory minimum sentence of life imprisonment. Id.

The magistrate judge issued a report and recommendation on June 6, 2013, in which he recommended that Ho's motion be denied. Doc. 91. On Jun 7, 2013, Ho

filed a letter with this Court which Ho stated was "in lieu of a more formal addendum" to his pending § 2255 motion. Doc. 92. The letter addresses Ho's claim that his indictment was constructively amended and attached the Information filed by the Government in his criminal case. Id. On June 21, 2013, Ho additionally filed an Objection to the Report and Recommendation. (Doc. 93). On June 20, 2016, Ho also filed a Motion to Supplement Pleadings under 28 USC 2255 Pursuant to Fed.R.Civ.PR 15(d) and 15(g)(1)(B). Doc. 98. Therein, Ho seeks to add three additional grounds for which his counsel was ineffective two of which relate to the selection of the jury that convicted Ho and a third of which relates to his counsel's failure to raise another claim on appeal. Id.

## II. §2255 STANDARD

Habeas relief is an extraordinary remedy which "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164. Unless a claim alleges a lack of jurisdiction or a constitutional error, the scope of collateral attack is extremely limited. United States v. Addonizio, 442 U.S. 178, 185 (1979).

## III. CONSTRUCTIVE AMENDMENT

Ho argues that the Court modified an essential element of the offense charged in the indictment by providing a verdict form to the jury which referred to "500 grams or more of a mixture or substance containing methamphetamine" while

3

the indictment referred to "methamphetamine ice." Doc. 83 at 4; see also Doc. 1 and Doc. 48.

A constructive amendment to the indictment occurs where the jury instructions "so modif[y] the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment." U.S. v. Peel, 837 F.2d 975 (11th Cir. 1988) (quoting United States v. Lignarolo, 770 F.2d 971, 981, n. 15 (11th Cir. 1985), cert. denied, 1105 U.S. 476, (1986) (quotation marks omitted)).

Ho's claim is without merit. The Court's instructions to the jury correctly identified the charges in the indictment and the elements of those charges. Doc. 50 at 24-28. Additionally, the jury was provided with a copy of the indictment for its use during deliberations. The difference in verbiage between the indictment and the verdict form did not add another element to the crimes charged, nor did it broaden the elements stated in the indictment. See U.S. v. Kuenstler, 325 F.3d 1015, 1022 (8th Cir. 2003) (jury instructions reading "50 grams or more of a mixture and substance of methamphetamine" did not constructively amend indictment reading "50 grams or more of methamphetamine").

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. STANDARD OF REVIEW

Ineffective assistance of counsel claims are evaluated through the familiar standard promulgated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). A claim of ineffective assistance of counsel can be established upon a

showing that the (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant. Id. at 687. The alleged errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

In a habeas corpus action, the petitioner carries the burden to establish both Strickland prongs. Lawhorn v. Allen, 519 F.3d 1272, 1293 (11th Cir.2008) (citing Atkins v. Singletary, 965 F.2d 952, 958–59 (11th Cir.1992)). Thus, a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," Strickland at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Furthermore, where, as here, a defendant challenges a not-guilty plea based on ineffective assistance of counsel, he "must show that there is a reasonable probability that, but for the counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." Oliver v. United States, 292 Fed. Appx. 886, 887 (11th Cir. 2008) (additional quotations omitted). Just as importantly, the defendant must also show that the government would have adhered to the agreement and that it would have been accepted by the trial court. Missouri v. Frye, 132 S. Ct. 1399 (2012).

On habeas review, the district court "must accept all of the petitioner's alleged facts as true and determine whether the petitioner has set forth a valid claim." Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (internal quotation marks omitted). Additionally, an evidentiary hearing must be held

5

"unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.". 28 U.S.C. §2255(b).

## B. ADVICE RE: MAXIMUM SENTENCING EXPOSURE

Ho asserts in a sworn affidavit attached to his §2255 motion that he asked his original trial counsel to enter into plea negotiations with the government on his behalf; that the government presented him with a plea agreement contemplating a sentencing range of 262-327 months' imprisonment; and that he rejected this plea agreement because his original counsel advised him that his maximum sentencing exposure was only 240 months "due to the ambiguity in [the] charging indictment." Doc. 83 at 8-9. Ho further alleges that, shortly prior to trial, he learned that he actually faced a mandatory minimum sentence of life imprisonment upon conviction. Id. Ho asserts that if he had known that he could receive a mandatory sentence of life imprisonment, then he would have accepted the government's plea offer and not gone to trial. Id.

The magistrate judge found that Ho failed to satisfy the first Strickland prong, the deficiency of his attorney's performance, because he provided "no concrete evidence" of any plea agreement and because his claims were "conclusory." Doc. 91 at 9. Nevertheless, the magistrate judge proceeded with an analysis of the second prong of Strickland for argument's sake, finding that Ho failed to show actual prejudice because of the unlikelihood that the court would have accepted the plea deal that Ho describes in his motion. Id. at 10. Although the Court disagrees with the magistrate judge's reasoning, it nevertheless reaches the same conclusion.

6

As to the first Strickland prong, Ho's affidavit testimony concerning his first trial counsel's advice would, if true, constitute deficient performance. See Oliver, 292 Fed. Appx. at 887. Thus, the Court assumes for the sake of argument that the first prong has been satisfied.

This Court is not satisfied, however, that Ho can satisfy the second Strickland prong. Although he stated in his affidavit that he would have pleaded guilty absent his original defense counsel's advice that a guilty verdict at trial would result in a lesser sentence than the sentence offered per the deal, the record suggests that Ho was actually aware of his anticipated sentence or sentence range prior to the date that he contends the plea was offered and/or rejected by him. Specifically, Ho asserts that on January 12, 2010, the Government offered him a deal of 267 to 327 months in prison in exchange for his guilty plea. Doc. 93 at 4-5. The docket thereafter reflects that the plea agreement was rejected no later than January 19, 2010, when the "change of plea" hearing was cancelled, and Ho's original retained counsel made an oral motion to withdraw. Docket entry dated 1/19/10; Doc. 21.

However, the docket indicates that from January 12 to January 19, Ho was actually made aware of his anticipated sentence, despite his attorney's alleged insufficiency. Specifically, on January 8, 2010, four days before Ho claims he was offered the government's plea deal,[1] the probation office filed its Probation

---

[1] Although the plea agreement (Doc. 86-1) is dated January 15, 2010, Ho claims that the government presented it to him on January 12, 2010, and that "the date on the plea agreement the government has submitted with its response appears to have

7

Conference Report documenting that the Probation Officer met with the prosecutor, the defense counsel and the defendant to review the potential sentencing guideline ranges based on the information then possessed by the Probation Office. Doc. 16. That report stated that "[e]nhanced penalty may apply based on 2 prior felony drug convictions. On Cts. 1-3 enhanced would be mandatory life …". Doc. 16 at 1. The Government has additionally submitted the Plea Agreement signed by the federal prosecutor dated January 15, 2010 and it plainly states that Ho's maximum penalty was life imprisonment. Doc. 86-1. Also, on January 15, 2010, the Government filed an enhancement notice (Doc. 19) which noted Ho's prior felony drug convictions and stated that "he is subject to the penalty provision in Title 21, United States Code, Sections 851 and the second and subsequent penalties contained in 841(b)(1)(A), (B) and (C) …" . Doc. 19 at 1. As a result, the record reflects at least three occasions on which Ho was informed of his potential sentence prior to his decision to turn down the Government's alleged deal. Thus, the record indicates that Ho knew of his potential sentence and still rejected the plea agreement which contradicts Ho's conclusory statement that he would have accepted the deal but for his counsel's insufficiency.

Even if Ho established that he would have taken the plea deal had his attorney not been deficient, he must also show that the Government would have

---

been altered," claiming that "the 5 looks more like an altered 2, which itself warrants further exploration since the timing of the offer is a highly material fact …" Doc. 93 at 5. The Court reviewed the handwritten date in question, see Doc. 86-1 at 11, and finds that it clearly has not been altered, and emphatically rejects Ho's assertion as baseless.

adhered to the agreement and that it would have been accepted by the trial court. Missouri v. Frye, 132 S. Ct. 1399 (2012). This burden cannot be met in this action as the Government has denied that the deal to which Ho speaks was ever offered and, to the contrary, argues that such a deal was not in line with the deals typically offered in a case involving the crimes for which Ho was indicted. Doc. 86 at 8-9. The Government has additionally filed a copy of the proposed plea agreement involved in this action which clearly contemplated a life sentence and only indicated a discretionary downward departure motion would be filed if Ho adequately cooperated with the Government. The Government points out that the sentence recommendation which Ho claims was offered (262- 327 months) is an unfounded decrease in the sentencing range which could only be accomplished if the § 851 enhancement notice was withdrawn and then a downward departure of *seven* offense levels was sought. Id. The record fails to support that such a decrease in sentence was warranted in Ho's case, and Ho has submitted nothing to suggest or support that such a decreased sentence was warranted so as to support his claim that such a deal was actually offered. Moreover, even if such a deal were offered, the record does not support that the Government would have proceeded forward with the plea deal or that the allegedly offered sentence recommendation would have been followed by the Court, given the crimes for which Ho was indicted and the sentences associated with those crimes. Therefore, the Court finds that Ho's assertion is not supported by the record such that Ho can establish prejudice. In other words, despite Ho's allegation that his counsel misinformed him of his

9

maximum sentence, the record reflects that whether by a plea deal or by a jury trial, Ho was facing a life sentence and that if the offer Ho alleges was made was actually made it would not have been adhered to by the Government because it was an inconsistent deep decrease in the sentencing range for the crime which Ho was charged.

In light of these contradictions in the record, the Court finds that the record conclusively shows that Ho is not entitled relief, as required by §2255(b). Accordingly, the Court finds that an evidentiary hearing is not necessary, and furthermore finds that his ineffective assistance of counsel claim is due to be denied.

### C. FAILURE TO OBJECT TO VERDICT FORM

Ho also alleges that both his trial counsel and appellate counsel were ineffective because they did not object to or raise the issue of the Court's alleged constructive amendment of the indictment. Doc. 83 at 4. However, counsel cannot be deficient for failing to raise a meritless claim. <u>Freeman v. Atty. Gen.</u>, 536 F.3d 1225, 1233 (11th Cir. 2008). Since the Court has found that Ho's underlying substantive claim lacks merit, any deficiencies of counsel in failing to raise or adequately pursue them cannot constitute ineffective assistance of counsel. <u>See Ladd v. Jones</u>, 864 F.2d 108, 110 (11th Cir. 1989) ("[S]ince these claims were meritless, it was clearly not ineffective for counsel not to pursue them.").

### D. MOTION TO SUPPLEMENT PLEADINGS

On June 20, 2016, after the Magistrate Judge entered his Report and Recommendation and after Ho objected to the report, Ho filed a motion to

supplement and/or amend his § 2255 petition. Doc. 98. Therein, Ho seeks to add three additional claims of ineffective assistance of counsel including two claims relating to the selection of the jury in his case and a third claim relating to his counsel's failure "to raise a claim on direct appeal a claim based on Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010) regarding the 851 enhancement." Doc. 98.

The Antiterrorism and Effective Death Penalty Act of 1996 enacted a one-year statute of limitations for filing claims under § 2255. That Act requires claims to be filed within one year after the judgment of conviction becomes final, 28 U.S.C. 2255(f)(1), which here is the date the time for filing a petition for certiorari expires. Consequently, a claim first asserted on June 20, 2016, is clearly untimely.

The Court appreciates Ho's insistence that his claim is timely because it relates back to his original petition but finds that Ho's claims do not relate back. The law is clear that a claim could be considered timely, if it were viewed as an amendment that relates back to the original § 2255 motion, which was timely filed. Rule 15(c)(1)(B), F.R.Civ.P., provides that "[a]n amendment to a pleading relates back, to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out—in the original pleading." In Davenport v. United States, 217 F.3d 1341 (11th Cir. 2000), the Eleventh Circuit considered whether amended claims of ineffective assistance of counsel related back to timely filed claims of ineffective assistance of counsel. In concluding that they did not, the Court stated that "in order to relate back, the untimely claim must have arisen from the 'same

11

set of facts' as the timely filed claim, not from some separate conduct or a separate occurrence in 'both time and type.' " 213 F.3d at 1344.

The new claims asserted by Ho, do not meet the criterion for relation back. Instead, the original claim was based upon counsel's alleged insufficiency relating to a plea agreement, while the new claim focuses on Ho's counsel's insufficiency in the jury selection process or in raising claims on appeal. Since the new claims arise from separate conduct, they do not relate back.[2] Consequently, the motion to amend the pleadings is denied.

## V. CONCLUSION

Accordingly, Ho's motion to vacate is **DENIED**, as is his motion for discovery pursuant to Rule 6(a) of the Rules Governing §2255 cases. Additionally, Ho's Motion to Amend (Doc. 98) is **DENIED**.

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483–

---

[2] Of note, in this action it would appear from the record that the counsel involved in the claims for ineffective assistance of counsel relating to the plea agreement is not even the same counsel that was involved in the jury selection process since the docket reflects that Ho's counsel withdrew on the day that his plea hearing was cancelled and new counsel was appointed for his trial. (Docket entry date 1/19/10 terminating plea hearing; Doc. 21).

12

84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, a certificate of appealability is **DENIED.**

**DONE** and **ORDERED** this 17th day of April, 2019.

/s/ Callie V.S. Granade<br>
SENIOR UNITED STATES DISTRICT JUDGE